UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PATRICIA WOLFE,

    Plaintiff,

v.

FAIRBANKS CAPITAL CORPORATION,

    Defendant.

Civil Action No. 04-10762-DPW

## MEMORANDUM IN SUPPORT OF
## FAIRBANKS CAPITAL CORP.'S MOTION TO REMAND

Plaintiff Patricia Wolfe ("Wolfe") has filed a Notice of Removal seeking to remove a case that she litigated for two years in Texas state court, in which summary judgment was entered against and recently affirmed by a Texas appeals court. The purported removal is procedurally defective, because Wolfe cannot remove a case in which she is a plaintiff, because she removed the case to the wrong court, and because (assuming she had power to remove) she has not removed in timely fashion. Moreover, Plaintiff's case arises under Texas state law and raises no federal claims. The Court should remand this action forthwith.

### BACKGROUND

Wolfe filed suit against Fairbanks Capital Corp. ("Fairbanks") in the 362nd District Court of Denton County, Texas on or about April 1, 2002 (the "State Court Action"). Wolfe claimed that Fairbanks misapplied her monthly mortgage payments asserted claims for damages and equitable relief against Fairbanks under Texas law. See Original Petition, attached to Wolfe's Notice of Removal as Exhibit 3.

The Denton County Court entered summary judgment in favor of Fairbanks. Wolfe appealed the judgment, but the Texas Court of Appeals of Texas affirmed on February 5, 2004. See Wolfe v. Fairbanks Capital Corp., 2004 WL 221212 (Tex. App. Ct. Feb. 5, 2004), attached hereto as Exhibit 1.

Wolfe did not file any appeal with the Texas Supreme Court. Rather, on April 9, 2004, she filed a Notice of Removal in this Court pursuant to 28 U.S.C. § 1441. Wolfe asserts without further elaboration that her lawsuit "arises under the Constitution and the laws of the United States." Notice of Removal at 2.

Fairbanks' Motion to Remand is timely filed within 30 days after Wolfe filed her Notice of Removal. See 28 U.S.C. § 1447(c).

## ARGUMENT

Wolfe's attempt to remove her action to federal court, after two years and after losing before the Texas Courts, fails for many reasons. Quite simply, Wolfe, as the plaintiff in the case below, is not entitled to remove her own case and, even if she could remove her case, her removal is untimely. Wolfe also has removed her case to the wrong district court, because this Court is not the district court that embraces the place where the state court action is pending. Furthermore, Wolfe provides no basis for why this Court has jurisdiction over this action; although she states that her claim raises a federal question, nothing in her Original Petition suggests that the Constitution of the United States or federal law is implicated by her claims.

2

I.  **THE REMOVAL IS PROCEDURALLY IMPROPER.**

   A.  <u>**Wolfe Cannot Remove Her Own Lawsuit.**</u>

Wolfe's case must be remanded, first, because no procedural mechanism exists for a plaintiff to remove her own lawsuit. Rather, the removal statute enables only a defendant to remove:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, *may be removed by the defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (emphasis added). Wolfe was not the defendant in the State Court Action, but rather the plaintiff, and so she is not permitted to remove the case. <u>Reiter Oldsmobile, Inc.</u> v. <u>General Motors Corp.</u>, 477 F. Supp. 125, 126 (D. Mass. 1979). This rule makes sense because Wolfe, as the plaintiff in the State Court Action, was the master of her claims – if she wanted to proceed in federal court, she could have done so from the outset. See <u>Rodriguez</u> v. <u>Federal Nat'l Mortg. Assoc.</u>, 268 F. Supp. 2d 87, 91 (D. Mass. 2003) (where party had the choice to commence an action in federal or state court and opts for the state court, that party "cannot be given a second opportunity to exercise that choice").

   B.  <u>**Wolfe Removed To The Wrong District Court.**</u>

Even if Wolfe had power to remove her own lawsuit, her Notice of Removal is further defective because she did not remove to the proper district court. Specifically, a civil action may be removed only "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Wolfe filed the State Court Action in the 362nd District Court of Denton County, Texas, and the federal district court that embraces Denton County is the Eastern District of Texas (Sherman Division). Wolfe's attempt

to remove to this Court was improper, requiring remand to state court. See Hoover v. Gershman Investment Corp., 774 F. Supp. 60, 63 (D. Mass. 1991) (denying notice of removal because "[t]here is no provision of federal law which would permit a defendant to remove an action to a federal court sitting in a district and division other than that where the state court action is pending").

### C. Removal Is Untimely.

Even if Plaintiff could remove her own case and had removed to the proper court, removal was untimely.

A Notice of removal must be filed within thirty days of either (1) receipt by the defendant of the initial pleading containing the claim for relief on which the action is based; or (2) receipt by the defendant of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446(b). If Wolfe is claiming that her Original Petition presented a federal question, she failed to remove within 30 days after filing the State Court Action against Fairbanks. Rather, two years elapsed in which Plaintiff litigated her state case, had summary judgment entered against her, and lost on appeal, before she tried to remove. Her removal now comes far too late.

Wolfe may argue that she only became aware that her claims raised a federal question when she received notice of the settlement in Curry v. Fairbanks Capital Corp., No. 03-CV-10895-DPW. That argument fails. If a defendant seeks to remove a case more than 30 days after receipt of the initial pleading, it must do so based on a subsequent pleading <u>submitted in the state court lawsuit that the defendant wishes to remove</u>. See Gruner v. Blakeman, 517 F. Supp. 357, 361 (D. Conn. 1981) ("Section 1446(b) relates only to papers filed in the action itself which alter or clarify the stated claim so as to reveal for the first time that a federal cause of action is

4

stated."), quoting Avco Corp. v. Local 1010 of the Int'l Union, 287 F. Supp. 132, 133 (D. Conn. 1968). Wolfe therefore could not rely on any class notice she received in Curry as a basis to remove the State Court Action.[1]

## II. WOLFE'S LAWSUIT DOES NOT ARISE UNDER FEDERAL LAW.

In addition to these multiple procedural defects, Wolfe's case must be remanded because it does not arise under federal law.

The removal statute permits removal of civil actions over which a federal court has original jurisdiction. See 28 U.S.C. § 1441. "The propriety of removing a case from a state court to a district court of the United States depends upon the existence of original federal jurisdiction." Societa Anonima Lucchese Olii E. Vini v. Catania Spagna Corp., 440 F. Supp. 461, 463 (D. Mass. 1977). See also Danca v. Private Health Care Sys., Inc., 185 F.3d 1, 4 (1st Cir. 1999) (threshold issue in removal is subject matter jurisdiction). Wolfe bears the burden of showing original jurisdiction exists. BIW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding Workers of Am., 132 F.3d 824, 830-31 (1st Cir. 1997).

Wolfe fails to meet her burden. Wolfe states in conclusory fashion that her lawsuit "arises under the Constitution and the laws of the United States," Notice of Removal at 2, and she does not articulate in her Notice of Removal any specific federal law or Constitutional provision at issue. Nor could she if she tried. In her Original Petition, Wolfe alleges that she "brings this action against the Defendant under the provisions of the Constitution of the State of Texas," and she asserts garden-variety causes of action under Texas law. See Original Petition at 15-19. The existence of a federal question must be determined by reference to the allegations in

---

[1] Even if Wolfe could rely on the Curry notice, it appears that removal was untimely. Although Wolfe fails to allege in her Notice of Removal when she received the Curry notice, the Settlement Administrator mailed notices on February 24 and 25, 2004. Allowing three days for mail, Wolfe would have received the Notice on March 1, 2004, more than 30 days before she filed the Notice of Removal.

5

the complaint filed in state court, Anderson v. Chamberlain 134 F. Supp. 2d 156, 160 (D. Mass. 2001), citing Danca, 185 F.3d at 4, but Wolfe's Original Petition does not implicate any federal claims. Remand is required.

## CONCLUSION

For these reasons, defendant Fairbanks Capital Corp. respectfully requests that the Court grant its Motion and remand this action to the 362nd District Court of Denton County, Texas.

Respectfully submitted,

_____
Brooks R. Brown (BBO #653608)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
(617) 570-1000

Thomas M. Hefferon (BBO #548289)
GOODWIN PROCTER LLP
1717 Pennsylvania Ave., N.W.
Washington, D.C. 20006
(202) 974-1000

Dated: May 7, 2004

## CERTIFICATE OF SERVICE

I, Brooks R. Brown, do hereby certify under the penalties of perjury, that on May 7, 2004, I arranged for the service by U.S. Mail, postage prepaid, a copy of the foregoing on the following counsel of record:

    Frank P. Hernandez
    716 Wayne
    Dallas, Texas 75223

_____
Brooks R. Brown

LIBW/1100704.1