UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PATRICIA WOLFE,<br><br>       Plaintiff,<br><br>   v.<br><br>FAIRBANKS CAPITAL CORP.,<br><br>       Defendant. | Civil Action No. 04-10762-DPW |

## FAIRBANKS' OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND TIME TO RESPOND TO MOTION TO REMAND

Patricia Wolfe tried to remove a Texas state lawsuit (where final judgment has been entered against her) to the wrong federal court, in untimely fashion, and with no substantive basis for jurisdiction. Fairbanks filed a motion to remand explaining these serious defects; Wolfe never opposed the motion; and this Court remanded the case. Wolfe now seeks an extension of time to oppose Fairbanks' motion to remand.

Wolfe's request is as defective as her removal petition. First, her motion is badly out of time: Wolfe waited until six days after this Court remanded this lawsuit, and ten days after an opposition to Fairbanks' remand motion was due, before even bothering to move for additional time to brief the remand issues. Moreover, Wolfe is not pro se but is and has been represented by counsel, and her Motion provides no legitimate justification for counsel's failure to seek an extension in timely fashion. The Court should deny Wolfe's Motion out of hand.

## BACKGROUND

Wolfe attempted to remove her lawsuit against Fairbanks to this Court on April 9, 2004, after judgment had already been entered in favor of Fairbanks and after the Texas Court of Civil Appeals affirmed the judgment. See Remand Motion (May 7, 2004), ¶ 2. Fairbanks moved to remand on May 7, 2004, explaining that Wolfe's removal was procedurally improper because she was improperly attempting to remove her own action, and, in any event, had filed her Notice of Removal in the wrong court and in an untimely manner. Remand Motion, ¶¶ 4-7. Fairbanks also showed that Wolfe's Complaint, which raised state law claims only, provided no basis for federal jurisdiction in this Court. Id. ¶ 8.

Local Rule 7.1(b)(2) provided Wolfe fourteen days – until May 21, 2004 – to oppose Fairbanks' Motion to Remand. Wolfe filed no opposition by that date. Accordingly, on May 26, 2004, this Court granted Fairbanks' Motion and remanded the case to the Texas state court. See Docket Entry dated May 26, 2004 ("The motion [to remand] is allowed, no opposition having been submitted and the motion appearing well-founded").

Nearly a full week later, on June 1, 2004, Wolfe moved for an extension of time to oppose Fairbanks' motion. The only ground offered by Wolfe was that her counsel "just completed preparing and filing a Writ of Certiorari to the United States Supreme Court and that action took more time and energy than contemplated by Plaintiff's counsel." Plaintiff's Motion at 1.

2

## ARGUMENT

If the Court decides to consider Wolfe's Motion, it should be rejected for several, independent reasons.[1]

First, Wolfe's Motion is untimely and should be denied for that reason alone. Wolfe had fourteen days under Local Rule 7.1(b)(2) to respond to Fairbanks' Motion and did nothing in that time. She waited a full six days after this Court remanded this action to file a cursory motion for extension; she did not attach a proposed brief in opposition to Fairbanks' Motion or state the grounds she would assert if allowed to file an opposition. Wolfe's dilatory conduct itself justifies denial of her Motion. See Stonkus v. City of Brockton School Dept., 322 F.3d 97, 100-101 (1st Cir. 2003) (district court properly rejected late-filed responsive pleading filed after motion granted; counsel was "preoccup[ied]" with other matters).

Even if the Motion was not untimely, Wolfe has provided no valid reason for granting the requested relief. Fed. R. Civ. P. 6(b)(2) permits an extension of time only if Wolfe can show "excusable neglect." Pratt v. Philbrook, 109 F.3d 18, 19 and n.1 (1st Cir. 1997), citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 395 (1993). Wolfe claims that she did not seek an extension earlier because of another brief her counsel was preparing that "took more time and energy than contemplated by Plaintiff's counsel." Plaintiff's Motion at 1. "The law of the First Circuit is clear, however, in that neither intraoffice delays nor an attorney's busy schedule can form the basis for a finding of excusable neglect." Grover v. Commercial Ins. Co., 104 F.R.D. 136, 138 (D. Me. 1985), citing Air Line Pilots in the Service of Executive

---

[1]    Inasmuch as the Court has remanded this case to the Texas State Court, it may well lack jurisdiction to even consider Wolfe's Motion. See, e.g., FDIC v. Santiago Plaza, 598 F.2d 634, 636 (1st Cir. 1979) ("[O]nce a district court has decided to remand a case and has so notified the state court, the district judge is without power to take any further action."); In re Lowe, 102 F.3d 731 (4th Cir. 1996) (federal court's jurisdiction divested upon entry of remand order; "the plain language of [§ 1447], the policy behind it, and logic all support the conclusion that [it] divests a district court of jurisdiction upon the entry of its remand order.").

Airlines v. Executive Airlines, 569 F.2d 1174 (1st Cir. 1978) and Pinero Schroeder v. Federal Nat'l Mortg. Assoc., 574 F.2d 1117 (1st Cir. 1978). Wolfe's request for an extension of time is barely one page long, and could easily have been filed in the fourteen-day window provided under Local Rule 7.1(b), even allowing for the existence of another brief. Wolfe's "press of business" justification is no legitimate justification for her actions at all. de la Torre v. Continental Ins. Co., 15 F.3d 12, 15 (1st Cir. 1994) ("Most attorneys are busy most of the time and they must organize their work so as to be able to meet the time requirements of matters they are handling or suffer the consequences."), quoting Pinero Schroeder, 574 F.2d at 1118.

Finally, Wolfe's effort at removal bordered on the frivolous. Granting Wolfe's Motion will only delay the inevitable, forcing Fairbanks – which has already incurred needless costs – to incur even further expense responding to whatever brief she would file. Wolfe should not be allowed to waste valuable time and resources continuing to justify her removal, where absolutely no basis exists to support it.

WHEREFORE, defendant Fairbanks Capital Corp. respectfully requests that this Court

deny Plaintiff's Motion to Extend Time to Respond to Motion to Remand.

Respectfully submitted,

/s/ Brooks R. Brown_____
Brooks R. Brown (BBO #653608)
GOODWIN PROCTER LLP
Exchange Place
Boston, Massachusetts  02109
(617) 570-1000

Thomas M. Hefferon (BBO #548289)
GOODWIN PROCTER LLP
1717 Pennsylvania Ave., N.W.
Washington, D.C.  20006
(202) 974-1000

Attorneys for Defendant
Fairbanks Capital Corp.

Dated: June 8, 2004

## CERTIFICATE OF SERVICE

I, Brooks R. Brown, do hereby certify under the penalties of perjury, that on June 8, 2004, I arranged for the service by U.S. Mail, postage prepaid, a copy of the foregoing on the following counsel of record:

Frank P. Hernandez
716 Wayne
Dallas, Texas  75223

/s/ Brooks R. Brown_____
Brooks R. Brown

LIBW/1101120.3